**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
GUY DANILOWITZ State Bar # 257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiff
PORSHA NELSON

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORSHA NELSON, | NO. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| CITY OF SACRAMENTO; City of Sacramento Police Officer SCOTT BLYNN (#525); City of Sacramento Police Officer COREY MORGAN (#782);  City of Sacramento Police Officer BRIAN SURJAN (#426); and DOES 1 through 20, inclusive, | Violation of Federal Civil Rights Statutes; Punitive Damages; and Attorneys' Fees Requested |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |
| _____/ | |

Plaintiff PORSHA NELSON complains and alleges as follows:

## I. JURISDICTION

1. This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343.  This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

## II. VENUE

2. Plaintiff's claims alleged herein arose in the COUNTY OF SACRAMENTO,

NELSON – Complaint                              1

California.  Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

### III.  INTRODUCTION

3.     This complaint arises out of the malicious and unprovoked manhandling of plaintiff PORSHA NELSON ("NELSON") by City of Sacramento Police Department officers on December 15, 2009.  Nelson was on her way to pick up a friend in her car.  As she started down her street, her car was stopped, without warning, by four City of Sacramento police officers, including Officers SCOTT BLYNN, COREY MORGAN, and BRIAN SURJAN who were purportedly looking for her younger brother, Billy Nelson.  PORSHA NELSON informed the officers that she was not Billy Nelson and that she did not know where he was but that did not stop them from pulling her out of the car, twisting her arm behind her back causing her pain and injuring her shoulder, marching her up to the front of her house and keeping her in this arm-bar type hold until her sister and mother demanded her release. NELSON's mother, Vanessa Sullivan, filed a complaint with the Sacramento Police Department's Internal Affairs Division on behalf of NELSON and was later informed the complaint was "sustained."  Through this action, NELSON seeks compensation for her injuries, as well as punitive damages against the individual defendants.

### IV.  PARTIES

4.     During all times mentioned in this Complaint, plaintiff PORSHA NELSON was, and is, a resident of the County of Sacramento, California.

5.     Defendant CITY OF SACRAMENTO is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

6.     Defendant SCOTT BLYNN was at all times mentioned in this Complaint a Police Officer employed by the CITY OF SACRAMENTO and acting in the course and scope of his employment.  Defendant BLYNN is being sued in his individual and official capacity.

7.     Defendant COREY MORGAN was at all times mentioned in this Complaint a Police Officer employed by the CITY OF SACRAMENTO and acting in the course and scope of his employment.  Defendant MORGAN is being sued in his individual and official capacity.

1       8.     Defendant BRIAN SURJAN was at all times mentioned in this Complaint a Police Officer employed by the CITY OF SACRAMENTO and acting in the course and scope of his employment. Defendant SURJAN is being sued in his individual and official capacity.

9.     The true names and identities of defendant DOES 1 through 10 are presently unknown to plaintiff. Plaintiff alleges that each of defendants DOES 1 through 10 was a Police Officer employed by the CITY OF SACRAMENTO and/or the Sacramento Police Department at the time of the conduct alleged herein. Plaintiff alleges that DOES 1 through 10 used excessive force upon plaintiff and/or encouraged and/or directed and/or enabled other defendants to engage in the conduct alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendant DOES 1 through 10 have been ascertained.

10.     The true names and identities of defendant DOES 11 through 20 are presently unknown to plaintiff. Plaintiff alleges that defendants DOES 11 through 20, and each of them, were responsible for the hiring, training, supervision and/or conduct of Police Officers working for the City of Sacramento Police Department at the time of the incident and for the promulgation of policies, practices and customs of the City of Sacramento Police Department at the time of the incident. Plaintiff alleges that each of defendants DOES 11 through 20 is responsible in some manner for the acts and injuries alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of DOES 11 through 20 have been ascertained.

11.     Defendants, and each of them, to the extent they engaged in any acts or omissions alleged herein, engaged in such acts and/or omissions under color of state law.

## V. FACTUAL ALLEGATIONS

12.     Plaintiff PORSHA NELSON is a twenty-two year old lifelong resident of Sacramento County who is, and was at all relevant times, of non-threatening size and stature, standing 5'3" tall and weighing approximately 120 lbs at the time of the incident.

13.     At the time the conduct alleged herein occurred, NELSON lived with her mother, Vanessa Sullivan, and her brother, Billy Nelson, in a detached single-family, two-story,

four-bedroom house on a residential street in Sacramento.

14. On the afternoon of December 15, 2009, as NELSON was leaving her house by car to pick up a friend from Grant High School, four City of Sacramento Police Officers (three of whom were later identified as Defendants BLYNN, MORGAN, and SURJAN) in raid vests appeared in the street in front of her car and ordered her to stop which she did.

15. One of the officers came to the driver's side window, two stayed in front of the car, and one came around to the passenger window. The officer who came to the driver's side window asked NELSON if she was Billy Nelson and stated that the officers were looking for Billy Nelson to question him. NELSON responded that she was not Billy Nelson.

16. The officer then asked if Billy Nelson was inside the house to which NELSON truthfully responded that she did not know. The officer, apparently annoyed that NELSON did not know where her brother was, told NELSON that he could take her to jail for lying to a police officer to which NELSON responded that she was not lying.

17. The officer then ordered NELSON to step out of her car but when she opened the door to comply, he grabbed her, pulled her out of her car and pushed her up against the rear door on the driver's side of the car.

18. The officer patted her down and signaled to his three partners who approached NELSON's house. The officer holding NELSON then twisted NELSON's left arm and pushed her up the driveway towards her house while continuing to twist her arm causing her pain and injuring her arm and shoulder.

19. NELSON's arm was in pain and the officer did not release her or loosen his grip.

20. Eventually, after NELSON's mother and sister came to the front door and pleaded with the officer to let NELSON go, the officer released her.

21. NELSON's mother, Vanessa Sullivan, made a complaint to the Sacramento Police Department on behalf of NELSON.

22. On October 13, 2010, the Department sent Sullivan a letter stating that it had investigated her complaint and that "Relative to your concern about the conduct of the officers during the detainment of your daughter, the investigation revealed improper conduct by our

employee."

23. Defendants BLYNN, MORGAN, SURJAN and DOES 1-10's conduct was malicious, oppressive and in reckless disregard of NELSON's civil rights.

24. Defendants CITY OF SACRAMENTO and DOES 11 through 20 failed to provide proper training, guidelines, policies and procedures regarding the use of force by City of Sacramento Police officers.

25. As a direct and proximate cause of the defendants' actions described herein, plaintiff suffered physical injuries, pain and suffering, humiliation, emotional distress and suffered other injuries.

## VI.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Against Defendants BLYNN, MORGAN, SURJAN and DOES 1-10)*

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25, as though fully set forth herein.

27. The actions of Defendants BLYNN, MORGAN, SURJAN and DOES 1-10, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution.  Specifically, defendants, and each of them, interfered with plaintiff's rights when they pulled her out of her car, twisted her arm behind her back causing pain and injury to her arm and shoulder, and detained her for an unreasonable amount of time.

28. As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered unreasonable interference with her personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries.

29. The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages.  Wherefore, plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Entity Liability/Failure to Train
(*Monell* claim: Actionable under 42 U.S.C. §1983)
(*Against Defendants CITY OF SACRAMENTO and DOES 11-20*)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29, as though fully set forth herein.

31. The aforementioned acts of the individually named defendants in using excessive force upon her and violating her constitutional rights occurred as a result of Defendants CITY OF SACRAMENTO and DOES 11-20's failure to adequately train Police Officers in the use of force.

32. Defendants CITY OF SACRAMENTO and DOES 11-20's failure to adequately train officers in the appropriate use of force amounted to deliberate indifference to the rights and privileges of citizens of the CITY OF SACRAMENTO to be free of excessive force.

33. The inaction of Defendants CITY OF SACRAMENTO and DOES 11-20 was a direct and proximate cause of the injuries suffered by plaintiff in that said defendants tacitly encouraged, ratified and/or approved of the violation of plaintiff's rights and/or failed to adequately train their Police Officers and/or employees to prevent the occurrence of the constitutional violations alleged above.

34. Defendants CITY OF SACRAMENTO and DOES 11-20 knew or should have known that such conduct was unjustified and would result in violations of plaintiff's constitutional rights.

35. As a direct and proximate result of the aforementioned practices of Defendants CITY OF SACRAMENTO and DOES 11-20, plaintiff suffered injuries and damages as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory, general and special damages against each defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial;

2. For punitive and exemplary damages against each non-entity defendant, as allowed by law, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. §1988;

4. For costs of the suit; and

5. For such other relief as the Court deems just and proper.

Dated:  December 14, 2011                              Respectfully submitted,


                                                       __/s/ Stewart Katz_____
                                                       Stewart Katz,
                                                       Attorney for Plaintiff


## DEMAND FOR TRIAL BY JURY

Plaintiff PORSHA NELSON hereby demands trial by jury.

Dated: December 14, 2011                               Respectfully submitted,


                                                       __/s/ Stewart Katz_____
                                                       Stewart Katz,
                                                       Attorney for Plaintiff

NELSON – Complaint                          7